# Law Offices of Kenneth W. Richardson

305 Broadway, Suite 1100, New York, NY 10007
Phone (212) 962-4277 Fax (212) 962-4294

August 16, 2007

### Notice of Lawsuit and Request for Waiver of Service of Summons

**To:** **Bronx Lebanon Hospital, Legal Department** or their attorneys as lawyers for Defendant Bronx Lebanon Hospital and to **Christian Asakaiye, or her attorneys** as lawyers for Defendant Christian Asakaiye.

A lawsuit suit has been commenced against you (or the entity or entities on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the **Southern District** of New York and has been assigned Index No. **07 CV 3662.**

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose an extra copy of the waiver for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before **60 days** from August 4, 2007 (or before **90 days** from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay full costs of such service. In that connection, please read

the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you or your attorneys on behalf of the Plaintiff, this **16 day of August 2007.**

*[signature]*
Kenneth W. Richardson, Esq.

**Effective as of 12/1/93 in compliance with Federal Rules of Civil Procedure 4.**

## Waiver of Service of Summons

**To:** **Bronx Lebanon Hospital, Legal Department** or their attorneys as lawyers for Defendant Bronx Lebanon Hospital and to **Christian Asakaiye, or her attorneys** as lawyers for Defendant Christian Asakaiye.

I acknowledge receipt of your request that I waive service of summons in the action of <u>Penziner Williams v. Nurse Manager Christina Asakaiye, Bronx Lebanon Hospital</u> which is Docket No. 07 CV 3662 in the United States District Court for the Southern District. I have also received a copy of the complaint in the action, two (2) copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity or person on whose behalf I am acting) be served with judicial process in the manner provide by Rule 4.

I (or the entity or person on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **August 4th 2007 or on or before October 3, 2007**, or within (90) days after the date if the request was sent outside the United States.

8-21-07
Date

Signature of Attorney — Wilson Elser Moskowitz Edelman & Dicker by [signature]
Attorneys for Bronx Lebanon Hospital and Christianah Ajokaiye, sued herein as Christina Asakaiye.

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court of to the place where the action has been brought.
A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service is received.
Effective 12/1/93 in compliance with Federal Rules of Civil Procedure 4.